

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIE LAURETTE DUSSAULT and
BURGHARD PILTZ,

                Plaintiffs,

-against-

THE REPUBLIC OF ARGENTINA,

                Defendant.

11 CV____

COMPLAINT



---

Plaintiffs, by their attorneys, Milberg LLP, for their Complaint against defendant The Republic of Argentina (the "Republic"), allege as follows:

## PARTIES

1. Plaintiff Marie Laurette Dussault ("Dussault") is a citizen of Canada.

2. Plaintiff Burghard Piltz ("Piltz") is a citizen of Germany.

3. Plaintiffs own bonds issued by the Republic as further set forth in detail below ("Bonds").

4. The Republic is a foreign state as defined in 28 U.S.C. § 1603(a).

## JURISDICTION

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1330(a) & (b), 1605(a)(1); see also Capital Ventures International v. Republic of Argentina, 552 F.3d 289, 291 (2d Cir. 2009) ("there is subject matter jurisdiction over the claims relating to the German bonds because Argentina explicitly waived its sovereign immunity to suit in United States courts on those claims"). The bonds are "German bonds" within the meaning of that decision. In addition, at all times relevant to the allegations of this complaint, the Republic has had continuous and systematic contacts with the United States and has invoked the benefits and protections of the

laws of the United States such that it would reasonably expect to be subject to jurisdiction of this nation's courts.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(f).

## FACTUAL ALLEGATIONS

7. In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due under the Bonds. Since that time, the Republic has failed to make any payments of principal or interest to Plaintiffs.

## COUNT I

8. Dussault repeats and realleges each of the allegations contained in Paragraphs 1 and 3-7 as though set forth here at length.

9. Dussault acquired a certain bond, ISIN No. DE0004509005, issued by the Republic pursuant to a Subscription Agreement dated as of January 24, 2000 (the "January Subscription Agreement") in the principal amount of € 730,000. Dussault continues to own this bond.

10. In Article 14 of the January Subscription Agreement, the Republic explicitly and irrevocably waived its sovereign immunity to suit in United States courts on claims relating to this bond.

11. The bond owned by Dussault matured according to its original terms on January 26, 2007 and the Republic was contractually required to pay the entire principal amount of the bonds on that date.

12. The moratorium and the failure to make payment of principal and interest due on the bond constitutes an Event of Default as defined in Paragraph 8 of the Conditions of Issue

annexed to the January Subscription Agreement. The Republic is in breach of its obligations under the January Subscription Agreement. The Event of Default is continuing.

13. In accordance with Paragraph 8 of the Conditions of Issue annexed to the January Subscription Agreement, by letter dated April 21, 2011, Dussault provided the Principal Paying Agent with written notice that an Event of Default had occurred and requested payment of principal and interest due and payable on the bonds.

14. The Republic has not paid any part of the principal or post-moratorium interest amounts owing on the bonds.

15. By reason of the foregoing, the Republic has breached its contractual obligations to Dussault and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT II

16. Piltz repeats and realleges each of the allegations contained in paragraphs 2-7 as if set forth here at length.

17. Piltz acquired a certain bond, ISIN No. DE0002483203, issued by the Republic pursuant to a Subscription Agreement dated July 1998 (the "July Subscription Agreement") in the principal amount of DM 10,000. Piltz continues to own this bond.

18. In Article 15 of the July Subscription Agreement, the Republic explicitly and irrevocably waived its sovereign immunity to suit in the United States courts on claims relating to this bond.

19. The bond owned by Piltz matured according to its original terms on July 6, 2010 and the Republic was contractually required to pay the entire principal amount of the bond on that date.

20. In accordance with Paragraph 10 of the Conditions of Issue annexed to the July Subscription Agreement, by letter dated April 21, 2011, Piltz provided the Principal Paying

Agent with written notice declaring the principal and interest on the bond to be due and payable immediately.

21. The moratorium and the failure to make payment of principal and interest due on the bond constitutes an Event of Default as defined in Paragraph 10 of the Conditions of Issue annexed to the July Subscription Agreement. The Republic is in breach of its obligations under the July Subscription Agreement. The Event of Default is continuing.

22. The Republic has not paid any part of the principal or post-moratorium interest amounts owing on the bonds.

23. By reason of the foregoing, the Republic has breached its contractual obligations to Piltz and is liable for damages in an amount to be determined at trial, plus interest.

WHEREFORE, plaintiffs demand judgment as follows:

i. On Count I, awarding Plaintiff Dussault damages against the Republic in an amount to be determined at trial, plus interest;

ii. On Count II, awarding Plaintiff Piltz damages against the Republic in an amount to be determined at trial, plus interest;

iii. Awarding Plaintiffs their costs, prejudgment interest, attorneys' fees and such other and additional relief as the Court deems just and proper.

Dated: New York, New York
April 28, 2011

**MILBERG LLP**

By: *[signature]*
Michael C. Spencer
Gary S. Snitow
One Pennsylvania Plaza
New York, NY 10119
Telephone: 212-594-5300
Facsimile: 212-868-1229
mspencer@milberg.com
gsnitow@milberg.com
*Attorneys for Plaintiffs*

4